Judge Trimble
delivered the opinion of the Court.*
ON the 31st day of May 1824, Pleasant Savage brought an action of covenant against Benjamin Aills, and declared upon a note dated on the 10 th day of April of the same year, hy which the defendant bound himself to pay to the plaintiff the sum of $100, in plank, on or before the 20th day of October npxt after the date of the note. The defendant craved oyer of the note, and demurred to the declaration. The note of which oyer was given, is dated on the 10th day of April 1821. The plaintiff joined in demurrer, and the court gave judgment for the defendant.
Several points were made in the progress of the Cause, by the counsel for the plaintiff in the court below; but as they were all abandoned before any der cisión was given upon them, they cannot be noticed by this court.
The only question, therefore, which the record presents for our determination, is, whether the court below decided correctly in sustaining the demurrer to the declaration declaration.
As the note declared on is payable on or before the SJOth day of October next after its date, it was necessary to state the date truly in the declaration; wise it could not appear whether the cause of action *94 bad accrued, or not, when the suit was brought. For it is always necessary for the plaintiff to show iu his declaration, a cause of action,, by proper and substantial allegations. See Stopp vs. Lapsley, Litt. S. C. 238, 1 Chitty 256.
The oyer liad of the instrument, whereby the true date is apparent, & which shows the ob? ligation was due, does not aid the declaration, for then it is ill for the va-rianop.
Depew, for appellant; Triplett, for appellee.
It is evident, therefore, from the plaintiff’s own showing, that the defendant was not bound to pay the plank until the 2Qth day of October 1824, and that he had no cause of action on the 31st day,of May 1824, when his $uit was commenced in the court below.
It is true, that the note of which oyer was given,, bears date on the 1 Oth day of April 1821; hut, aS the date of the note declared on, when stated in the declaration, became a material part of its description, it is evident that the variance, between the date of the note stated in the declaration and the date of that of which oyer was given, was a substantial variance, and not a mere formal one, See Banks vs. Coyle, 2 Marsh. 565, 1 Chitty 622-3, -
Because, therefore, it appears from the record that the plaintiff had no cause of action when the suit was commenced, and because there is a substantial variance between the writing declared on and that of which oyer was given, the decision of the court below sustaining the demurrer to the declaration, is correct, and must be affirmed with costs. ,

 Absent, Judge Haggin.